HULDAH H. CLAPP, Plaintiff, *v.* ROBERT C. CLAPP and Others, Defendants.

*Practice — fees of a referee appointed to take the accounts of a receiver — when not allowed until the report is made.*

Where a referee has been appointed to take the proofs and evidence touching the compensation to be made to a receiver of a corporation, the court will not make an order for the payment of any sum to the referee on account of his fees until his report upon the accounting has been made.

Appeal from an order made at the Special Term, directing the United States Trust Company to pay to Everett P. Wheeler, Esq., the sum of $500, on account of his fees for services as referee to take the proofs and evidence touching the compensation to be paid to Thomas B. Rand, late receiver in this action; such payment to be made out of the moneys on deposit with the trust company to the credit of the action.

*Lewis Sanders*, for Henry A. Callen and Cora Callen, appellants.

*Lawrence & Godkin*, for E. P. Wheeler, referee, respondent.

Brady, J.:

There can be no question as to the right of the court to award to the receiver compensation out of the funds which form part of the estate covered by his appointment, even though the title to the fund be in dispute. His compensation should not be made to

depend upon the result of the litigation. (*Hopfensack* v. *Hopfensack*, 61 How., 498.) And the court has power to order the fees of a referee whose duties relate to the receivership, his claim, or his accounts, to be paid out of the fund. But it is a matter of discretion whether the power shall be exercised or not. (*In re Attorney General* v. *Continental Life Ins. Co.*, 17 Weekly Dig., 147.)

In the case just cited, however, it appears that the referee had reported in favor of the receiver, and the referee's duties, therefore, had been fully performed. In this case the reference is still proceeding, and whether the receiver will be entitled to any compensation or not is a matter of conjecture. If for any reason the referee should determine that the receiver was not entitled to any compensation, it is questionable whether, in the exercise of a discretion, an order would be made directing the payment of the referee's fees out of the funds, ordinarily the expense of a reference to pass the accounts is incidental to the receivership, and it would be unjust to require the receiver to pay out of his earnings of the receivership the expenses of a proceeding to examine and determine his accounts, and particularly if the opposition to his accounts, leads to numerous and protracted meetings before the referee without results affecting their integrity.

In this matter it is said on behalf of the receiver that all the parties are represented by attorneys who, except those for whom Mr. Sanders appears (numbering two), have consented to the entry of the order appealed from. There is nothing before the court to warrant the conclusion that the receiver would not be entitled to compensation, which should be made to appear, perhaps, in order to prevent the exercise of a discretion which should be called into requisition in determining the propriety of paying the referee's fees either in advance or otherwise. The objection, however, to directing the payment out of the fund to the referee, prior to the conclusion of his labors, is that he might, for many reasons — such as absence from the country, departure from the jurisdiction of the court, absence from the State, either by reason of change of domicile, or by professional engagements long continued, or by death—be prevented from completing his labors, an incident which would require the appointment of another referee, and the necessity of proceedings *de novo* before him.

This objection is serious and cannot well be overcome. There may possibly be a precedent for a direction to pay the fees of the referee, under circumstances similar to those disclosed herein, but none has been found in the books; and it is regarded, as the better administration of law, to at least require the report of the referee upon the accounting before any order is made in reference to the payment of his fees.

For these reasons we think the order appealed from should be reversed, but without costs to either party, and without prejudice to any further motion or proceeding, after referee's services shall have been completed.

DAVIS, P. J., and DANIELS, J., concurred.

Order reversed, without costs and without prejudice to any further motion or proceeding, after referee's services shall have been completed.